**DENIED and Opinion Filed December 22, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01297-CV**

**IN RE STRUGE CULTURAL CENTER, INC., Relator**

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-06879-E**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Miskel

Before the Court is "Appellee Struge Cultural Center, Inc.'s Emergency Motion to Review Sufficiency of Security and Motion to Stay Order Granting Stay of Default Judgment Without Security," filed in a pending restricted appeal in Cause No. 05-23-01134-CV. We construe this motion as a petition for writ of mandamus.

In its petition, as we construe it, relator challenges a trial court's December 18, 2023 "Order Granting Defendants' Motion to Stay Judgment Pending Appeal" in a garnishment proceeding (Cause No. CC-23-06879-E) staying a default judgment in Cause No. CC-23-03905-E. Relator contends that the trial court had no

jurisdiction to issue the December 18, 2023 order in the garnishment proceeding and otherwise abused its discretion by issuing the order.

Entitlement to mandamus relief requires a relator to show that the trial court clearly abused its discretion and that the relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a record sufficient to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 52.1, 52.2, 52.3(a)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition lacks this required certification.

Additionally, rule 52.3(k)(1)(A) requires a relator to file an appendix with its petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a) requires the relator to file with its petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding," and either "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered

–2–

in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tᴇx. R. Aᴘᴘ. P. 52.7(a)(1), (2). None of the documents included with relator's petition are certified or sworn copies. Moreover, the petition reflects that a hearing was held on the motion at issue, but relator did not provide a transcript of any testimony from that hearing or the alternative statement required by rule 52.7(a)(2).

Finally, relator failed to support all arguments and statements of fact with appropriate citations to the appendix or record. *See* Tᴇx. R. Aᴘᴘ. P. 52.3(g), (h). For instance, relator's petition references a purported upcoming trial in a forcible-entry-and-detainer action and argues that it is facing imminent harm. But relator does not support these factual statements and arguments with citations to support in the purported record.

Accordingly, we deny relator's petition for writ of mandamus. To the extent relator asks for any emergency relief in its petition, the request is denied without prejudice. *See* Tᴇx. R. Aᴘᴘ. P. 10.1(a).

231297f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE

–3–